**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**James Andrew ARENDER,**
**Defendant–Appellant.**

**No. 13–3438.**

United States Court of Appeals,
Eighth Circuit.

Submitted: May 23, 2014.

Filed: June 20, 2014.

Keith D. Sorrell, U.S. Attorney's Office, Cape Girardeau, MO, for Plaintiff–Appellee.

James Andrew Arender, Pine Knot, pro se.

Michael Skrien, Federal Public Defender's Office, Cape Girardeau, MO, for Defendant–Appellant.

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

PER CURIAM.

James Andrew Arender appeals a ruling of the district court[1] designating him an armed career criminal under 18 U.S.C. § 924(e). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

1. The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

Arender pled guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). At the plea he preserved the right to appeal his designation as an armed career criminal under § 924(e). He argues his prior Tennessee conviction for aggravated assault is not a violent felony under 18 U.S.C. § 924(e)(2)(B).

"We review *de novo* a district court's determination that a defendant's prior conviction constitutes a violent felony." *United States v. Soileau*, 686 F.3d 861, 864 (8th Cir.2012). A violent felony "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is a burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). "[T]he phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).

As Arender notes, the Tennessee statute at issue is divisible. *See United States v. Cooper*, 739 F.3d 873, 880 (6th Cir.2014). Thus, the "modified categorical approach" determines whether the conviction is a crime of violence. *See United States v. Tucker*, 740 F.3d 1177, 1179–80 (8th Cir. 2014) (en banc) ("If one alternative in a divisible statute qualifies as a violent felony, but another does not, we apply the 'modified categorical approach' to determine under which portion of the statute the defendant was convicted."). "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. ——, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013).

Arender pled guilty to the indictment, which states he "intentionally or knowingly, did cause [the victim] to reasonably fear imminent bodily injury, by use or display of a deadly weapon, namely, a baseball bat." *See* Tenn.Code Ann. § 39–13–102(a)(1)(B) (2006); *referencing* § 39–13–101(a)(2). This crime has as an element the threatened use of physical force against another person, capable of causing pain or injury. Arender's Tennessee conviction for aggravated assault is a violent felony under § 924(e)(2)(B). *Accord Cooper*, 739 F.3d at 882–83 (finding a conviction under the same version of Tenn.Code Ann. § 39–13–102(a)(1)(B) qualifies as a crime of violence).

The judgment is affirmed.